MARY'S OPINION HEADING 



 NOS. 12-02-00343-CV


 12-02-00344-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LEWIE BYERS,
§
 APPEAL FROM THE 114TH

APPELLANT



V.
§
 JUDICIAL DISTRICT COURT OF


DAVID DEWHURST, COMMISSIONER OF

GENERAL LAND OFFICE AND TEXACO

EXPLORATION AND PRODUCTION, INC.,

APPELLEES
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 These two cases deal with appeals to the 114th Judicial District Court of Smith County from
two final determinations of "no vacancy" by the Land Commissioner (the "Commissioner") relating
to the same vacancy claim brought by Appellant Lewie Byers ("Byers"). Byers' same vacancy claim
was also the subject of another later appeal from a purported "rejection" of Byers' application for
a vacancy. The trial court found it had no jurisdiction to consider the third appeal and dismissed the
prior two cases as moot. We reversed (1) the trial court's order dismissing the third appeal and
remanded the cause to the district court for a trial de novo of Byers' vacancy claim. Matters raised
in the first two appeals, however, remain moot, and we affirm the trial court's orders of dismissal.

 Byers filed three appeals related to one vacancy application filed with the General Land
Office to purchase or lease vacant land in Smith County. The Land Office accepted the application
on October 14, 1996, and required Byers to pay $30,000 as a deposit to cover the cost of a survey
and other expenses. The agency appointed Jerry Goodson to make the survey.

 On July 30, 1999, without hearing, the Commissioner entered a final order denying Byers'
vacancy claim based on Goodson's survey that showed no vacancy existed. Byers filed suit in the
district court of Smith County appealing the agency's determination and moved the court to remand
the matter to the Commissioner for the consideration of more evidence. The trial court granted
Byers' motion and remanded the matter of Byers' vacancy application to the Commissioner for
further consideration. The appeal remained pending in the district court.

 The Commissioner reconsidered the application in light of other evidence filed by Byers. 
The Commissioner signed a second final order also finding that no vacancy existed. Byers again
appealed filing a new lawsuit under a different number. On March 22, 2000, the trial court granted
Byers' motion for an administrative hearing and the presentation of additional evidence and
remanded the cause to the agency for that purpose. The remand left the second appeal pending along
with the first.

 In May 2001, the law relating to vacancy applications was changed to provide, inter alia, that
hearings under the pertinent subchapter were no longer to be contested case hearings, that the
Administrative Procedure Act, Tex. Gov't Code Ann. ch. 2001 (Vernon 2000), would no longer
govern vacancy application proceedings, and that on appeal, the district court shall conduct a de novo
review of the Commissioner's final determination that a vacancy does or does not exist.

 The Commissioner set the case for a contested case hearing on September 17, 2001, although
effective September 1, 2001, hearings before the Commissioner were no longer to be contested case
hearings. Byers objected, the hearing was abated, and on Byers' motion, the judge, on December 4,
2001, modified her order to specify that the application was remanded to the agency for "further
processing" pursuant to the recent amendments to the Natural Resources Code.

 Instead of proceeding with or without hearing to a final determination of Byers' vacancy
application which it had accepted in 1996, the agency, without notice to Byers, considered the
application to have been newly filed as of the date of the district court's December 4, 2001 order,
and assigned the application a new file number. Four months later, on March 5, 2002, the agency
notified Byers that his now newly-numbered application had been "rejected" and the matter closed.

 Byers appealed the "rejection" in a third cause of action filed in the same district court where
the two previous appeals filed under the old law but pertaining to the same vacancy claim remained
unresolved. Byers contended that the purported "rejection" of his application was in fact a final
determination by the Commissioner that no vacancy existed. The Commissioner and Texaco filed
pleas to the jurisdiction alleging that a rejection is a notice of a defective application, rather than a
denial on the merits, and therefore not appealable. The district court granted the pleas to the
jurisdiction and dismissed the third cause of action. Byers appealed the dismissal to this court (No.
12-02-00207-CV). The trial court then dismissed as moot the two earlier cases involving Byers'
application brought before the amendment of the statute. It is these two cases that are the subject
of the instant appeal.

 In our consideration of Byers' third appeal, we agreed with Byers that, despite the label given
it, the purported rejection of his application was, by its character and function, a final determination
that no vacancy existed. Byers, 2003 WL 21771789, at *6. We reversed the order of dismissal and
remanded the cause to the district court for trial de novo. Id. Byers' third appeal, and our review
thereof, was based on the pertinent statute as amended September 1, 2001. Byers received the relief
requested, a trial de novo in the district court. The two earlier challenges that are the subject of the
instant appeal were brought under the old statute and are moot.

 The judgments of the trial court are affirmed.


 BILL BASS 

 Justice



Opinion delivered February 27, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.






(PUBLISH)


1. Byers v. Dewhurst, 12-02-00207-CV, 2003 WL 21771789, at *6 (Tex. App.-Tyler 2003, pet. denied).